UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID LIEBLER,<br>    Plaintiff,<br> v.<br><br>CITY OF HOBOKEN, HOBOKEN CITY COUNSEL, DAWN ZIMMER, Individually and in her capacity as Mayor of the City of Hoboken, RAVINDER S. BHALLA, individually and in his capacity as Council President, THERESA CASTELLANO, individually and in her capacity as a Council Member, PETER CUNNINGHAM, individually and in his capacity as a Council Member, JAMES DOYLE, individually and in his capacity as a Council Member, JENNIFER GIATTINO, individually and in her capacity as a Council Member, ELIZABETH MASON, individually and in her capacity as a Council Member, DAVID MELLO, individually and in his capacity as a Council Member TIMOTHY OCCHIPINTI, individually and in his capacity as a Council Member MICHAEL RUSSO, individually and in his capacity as a Council Member,<br>    Defendants. | Civ. No. 15-8182 (KM) (MAH)<br><br>**MEMORANDUM OPINION and ORDER** |

**MCNULTY, U.S.D.J.:**

  The plaintiff, David Liebler, brings this action under 42 U.S.C. § 1983, alleging that the City of Hoboken and certain of its officials violated his First Amendment rights by shouting him down and ejecting him from a City Council meeting at which he was entitled to speak. Defendants Elizabeth Mason, Michael Russo, Theresa Castellano and Timothy Occhipinti have filed a motion

1

to dismiss the Complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and also on grounds of qualified immunity.[1] (ECF no. 9) Defendants Mayor Dawn Zimmer, the City of Hoboken, Ravinder S. Bhalla, James Doyle, Jennifer Giattino, David Mello, and Peter Cunningham have joined in their codefendants' motion to dismiss, without filing a separate brief. (ECF no. 10)

For the reasons stated below, the motions to dismiss are denied.

## I. THE COMPLAINT

The allegations of the Complaint (ECF no. 1), which have not been tested by any finder of fact, must be assumed to be true for purposes of this motion only. *See* Section II.A, *infra.*

The plaintiff, David Liebler, is a resident of the City of Hoboken, which is governed by a Mayor and nine-member City Council. Defendant Dawn Zimmer is the Mayor of Hoboken. Defendant Ravinder S. Bhalla is the President of the City Council. The remaining defendants are members of the City Council. (Cplt. ¶¶ 3–16).

Under the New Jersey Open Public Meetings Act, N.J. Stat. Ann. § 10:4-6, each Council meeting has a "public comment" portion, during which any member of the public can speak for five minutes. Liebler gave notice that he intended to speak at the October 21, 2015 meeting of the Council. (Cplt. ¶¶ 20–25)

At that meeting, Liebler spoke about several matters of public concern, including bike safety, real estate projects, and the budget. Still within his five-minute allotment, Liebler then attempted to comment on a news story regarding the Mayor's husband, Stan Grossbard. The news story, published that day, stated that Grossbard, who has no elected or appointed position in City government, had advised the Hoboken Housing Authority in Connection with the termination of its Executive Director, Carmelo Garcia, in August 2014. (Cplt. ¶¶ 26–28)

---

[1]   Defendant Elizabeth Mason was one of the four original movants, but later withdrew from the motion. (ECF no. 13)

Liebler expressed concern that a private person was wielding influence over governmental affairs. Council President Bhalla immediately and repeatedly interrupted and shouted at Liebler to prevent him from speaking. (Cplt. ¶ 29) Liebler continued to attempt to speak, and Bhalla continued to interrupt. Eventually, Bhalla ordered three police officers to remove Liebler from the meeting. (Cplt. ¶¶ 31–34) Something similar happened to a second member of the public at the same meeting. (Cplt. ¶¶ 36–37)

The other Council members "either expressly or implicitly supported Mr. Bhalla's actions taken on behalf of the Council." (Cplt. ¶ 39) These actions, according to the Complaint, "evidence a pattern and practice on the part of Hoboken, the Council, and each of the individual council members to suppress political speech they disagree with and/or disapprove." (Cplt. ¶ 40) It is alleged "[u]pon information and belief" that "Mayor Zimmer has conspired with Hoboken, the Council, and each of the individual council members to prevent residents from openly discussing, at council meetings, her husband's political activities and involvement in Hoboken's governmental affairs." (Cplt. ¶ 41)

The Complaint contains Four Counts:

| | |
|---|---|
| Count I | Deprivation of the Freedom of Speech in Violation of the First Amendment to the United States Constitution and 42 U.S.C. § 1983 |
| Count II | Conspiracy to Deprive the Freedom of Speech in Violation of the First Amendment to the United States Constitution and 42 U.S.C. § 1985 |
| Count III | Deprivation of Due Process in Violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983 |
| Count IV | Deprivation of the Freedom of Speech in Violation of the New Jersey Constitution and N.J.S.A. 10:6-2 |

The Complaint seeks injunctive relief against future interference with Liebler's right of free speech and right to due process of law, as well as damages.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6) Motion to Dismiss

Rule 12(b)(6), Fed. R. Civ. P., provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a Rule 12(b)(6) motion, a court must take the allegations of the complaint as true and draw reasonable inferences in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (traditional "reasonable inferences" principle not undermined by *Twombly, see infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Ordinarily, review is confined to the allegations of the complaint. "However, an exception to the general rule is that a 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion to dismiss into one for summary judgment.'" *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *In re Burlington Coat Factory Sec. Litig.*,

4

114 F.3d 1410, 1426 (3d Cir.1997)); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.2d 1192, 1196 (3d Cir. 1993).

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI),* 822 F.3d 125, 134 & n.7 (3d Cir. 2016).

The plaintiff has provided a link to a video of the Council meeting in question. I do not regard the video as comparable to, say, the written contract upon which an action for breach is based, which I would surely consider. Such a video might be considered on a motion to dismiss to establish, for example, that a particular identifiable statement was made. This is not such a case. The context of the statements, the identities and tone of voice of the speakers, the discussions that may have preceded or surrounded the meeting, and so on, all present issues of factual interpretation. In short, the video is not the sort of uncontroversial document that may itself settle the claims one way or the other. I believe that consideration of this video in isolation from its evidentiary context has the capacity to distort the analysis. I therefore exercise my discretion to decline consideration of it on this motion to dismiss.

### B. Qualified Immunity

"[Q]ualified immunity shields government officials from civil liability as long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *McGreevy v. Stroup,* 413 F.3d 359, 364 (3d Cir. 2005) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)).

Qualified immunity issues (such as whether a violation was "objectively apparent" under the circumstances at the time) may often require the kind of factual context that is available only on summary judgment or at trial. Nevertheless, when a qualified immunity issue is raised on a motion to dismiss, the Court is obligated at least to address it. "'[U]nless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" *Thomas v. Independence Twp.*, 463 F.3d 285, 291 (3d Cir. 2006) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806 (1985)). As *Thomas* implies, at the pleading stage such a clear violation need only be alleged, not proven. "The focus of the qualified immunity inquiry is on the allegations ...." *Lagano*, 769 F.3d at 859.

The qualified immunity analysis has two parts:

(1) The court must "determine whether the facts, and inferences drawn therefrom, taken in the light most favorable to the plaintiff, establish that the official's conduct violated a constitutional right." *McGreevy*, 413 F.3d at 364 (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151 (2001)). This step is functionally equivalent to the standard on a Rule 12(b)(6) motion to dismiss.

(2) The court must "determine whether, as a legal matter, the right that the defendant's conduct allegedly violates was a clearly established one, about which a reasonable person would have known." *Id.* (citing *Gruenke v. Seip*, 225 F.3d 290, 298 (3d Cir. 2000)). This step requires "that in light of preexisting law, the unlawfulness of the official's conduct was reasonably and objectively apparent." *McGreevy*, 413 F.3d at 366 (citing *Wilson v. Layne*, 526 U.S. 603, 615, 119 S. Ct. 1692 (1999)). *See also Hope v. Pelzer*, 536 U.S. 730, 739, 122 S. Ct. 2508 (2002).

The court has discretion to analyze the steps in either order. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808 (2009) (overruling requirement of addressing the steps sequentially stated in *Saucier, supra*).

## III. DISCUSSION

The thrust of Counts I and IV of this Complaint is that Liebler was denied his First Amendment right to speak. Title 42, United States Code, Section 1983, confers a private right of action for deprivations of Constitutional rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

See *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 829 (1966) ("Under [§ 1983 state] officers may be made to respond in damages . . . for violations of . . . federal constitutional [rights]"); *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").[2]

---

[2]    The State Constitution contains its own version of the First Amendment. N.J. Const. art. I, par. 6. The New Jersey Civil Rights Act ("NJCRA") provides a cause of action under State law and the State Constitution:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

N.J. Stat. Ann. § 10:6-2(c). This District has consistently interpreted the NJCRA in parallel with Section 1983. *E.g.*, *Hottenstein v. City of Sea Isle City*, No. 11-740, 2013 WL 5603839, at *6 (D.N.J. Oct. 11, 2013) (unreported); *Petit v. New Jersey*, No. 09-3735, 2011 WL 1325614, at *3 (D.N.J. March 30, 2011) (unreported); *Slinger v. New Jersey*, No. 07-5561, 2008 WL 4126181, at *5–6 (D.N.J. Sept. 4, 2008) (unreported), *rev'd on other grounds*, 366 F. App'x 357 (3d Cir. 2010); *Armstrong v. Sherman*, No. 09-716, 2010 WL 2483911, at *5 (D.N.J. June 4, 2010) (unreported).

Count II alleges a conspiracy among defendants to deprive Liebler of his First Amendment rights. To allege a conspiracy violation under 42 U.S.C. § 1985, a plaintiff must allege "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006) (quoting *United Bhd. of Carpenters & Joiners v. Scott*, 463 U.S. 825, 828–29 (1983)).[3]

Political speech is of course entitled to the highest level of First Amendment protection. *E.g., Burson v. Freeman*, 504 U.S. 191, 196 (1992); *FCC v. League of Women Voters*, 468 U.S. 364, 381 (1984). The First Amendment embodies the policy that "debate on public issues should be uninhibited, robust and wide-open." *New York Times v. Sullivan*, 376 U.S. 254, 270 (1964). The courts are therefore particularly suspicious of content-based restrictions, *i.e.*, those that appear to be based on the particular message a speaker means to convey. And "the First Amendment's hostility to content-based regulation extends not only to a restriction on a particular viewpoint, but also to a prohibition of public discussion of an entire topic." *Burson*, 504 U.S. at 196.

Of course, the latitude given speech depends on the particular forum. *See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 797 (1985) (court must consider whether the speech is protected, the nature of the forum, and whether justifications for limiting or excluding speech meet First Amendment standards). A public space, such as the town square, is the

---

[3] In a proper case, there may also be "bystander liability" for an official who observed a constitutional violation and had a duty to act, but did not do so. *See generally Smith v. Mesinger*, 293 F.3d 641, 650 (3d Cir. 2002) (excessive force case); *Merman v. City of Camden*, 824 F. Supp. 2d 581, 600 (D.N.J. 2010) (excessive use of force by police) (citing *Herrera v. City of New Brunswick*, No. 04-3002, 2008 WL 305275, at *10, 2008 U.S. Dist. LEXIS 7532, at *29 (D.N.J. Feb. 1, 2008); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994)).

quintessential public forum. A public meeting, or the public portion of a City Council meeting, is considered a "limited public forum." *See generally Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983). In such a limited public forum, any restrictions on speech must be narrowly drawn, and "designed to confine the forum to the limited and legitimate purpose for which it was created." *Eichenlaub v. Township of Indiana,* 385 F.3d 274, 280 (3d Cir. 2004). "[U]nder contemporary public forum jurisprudence, a designated (as opposed to traditional) forum is reviewed under a sliding standard that allows for content-related regulation so long as the content is tied to the limitations that frame the scope of the designation, and so long as the regulation is neutral as to viewpoint within the subject matter of that content." *Id.* at 280–81. Accord *Olasz v. Welsh,* 301 F. App'x 142, 144 (3d Cir. 2008). Thus content-neutral restrictions to keep the meeting on-topic or avoid disruptions are permitted. *Id.* What is forbidden is viewpoint-based discrimination. *See Good News Club v. Milford Central School,* 533 U.S. 98, 106–07 (2001).

Part of each Hoboken City Council meeting is specifically set aside for public comment. The parties agree that individuals are limited to five minutes, but may speak on "any subject relevant to the affairs and interests of the City of Hoboken." (*See* ECF no. 9-3 at 9–10, Rules XII–XIII) That is not to say that a person has a license to be disruptive, to filibuster, or to hijack the meeting. *See Eichenlaub,* 385 F.3d at 280. But whether action taken against a speaker is motivated by permissible considerations, or by that person's message, cannot be settled on a motion to dismiss, even one that attaches a video recording of the session. Whether the speaker or the moderator is to blame for a disruption, or whether the speaker was disruptive at all, is a judgment call for a fact finder. Nor can the litigants jump the gun and bring what amounts to a summary judgment motion, even if the proceedings were recorded.

Certain defendants also protest that the recording of the meeting will demonstrate that they disagreed with Bhalla's actions or dissented in some

9

manner. These, too, are matters for denial in an Answer and submission of proofs. In these matters, context is all.

Interpreting the allegations of the Complaint in the light most favorable to the plaintiff, as I must, I cannot grant the motion to dismiss. That is not to say that the plaintiff has established or proven a constitutional violation; far from it. But he has alleged one. Defendants have made many cogent arguments. These, however, are matters of factual interpretation, ill-suited to resolution on a motion to dismiss. The cases cited as dispositive, for example, are for the most part summary judgment rulings, made after a full opportunity for discovery. *See, e.g., Eichenlaub, supra; Olasz, supra.* The claim that the viewpoint discrimination was not the real reason for silencing plaintiff, or that if it was then certain defendants did not approve, is a factual one.

The same issues of factual interpretation bar dismissal on grounds of qualified immunity. City officials cannot silence a person speaking at a public meeting because they disapprove of his message. That is not necessarily what happened, but it is what plaintiff alleges, and *if* it happened as plaintiff claims, then a First Amendment violation would have been apparent to a reasonable official in these Council members' position. I must therefore permit the case to go forward.

**ORDER**

Various defendants having filed two motions to dismiss the Complaint (ECF nos. 9, 10); and the plaintiff having filed a response (ECF no. 16); and the defendants having filed a reply (ECF no. 17); and the court having considered the submissions and the entire case file; for the reasons expressed in the foregoing Opinion, and good cause appearing therefor;

IT IS this 21st day of July, 2016

ORDERED that the motions to dismiss (ECF no. 9, 10) are DENIED.

_____
HON. KEVIN MCNULTY, U.S.D.J.